

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2009

# Amer Millennium Ins v. First Keystone Risk

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2821

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Amer Millennium Ins v. First Keystone Risk" (2009). *2009 Decisions.* Paper 1239.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1239

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2821

AMERICAN MILLENNIUM INSURANCE CO.,
                                                    Appellant

v.

FIRST KEYSTONE RISK RETENTION GROUP, INC;
OCEAN RISK RETENTION GROUP, INC;
PINELANDS INS CO, RRG

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-07-cv-03400)
District Judge: Honorable Dennis M. Cavanaugh

Argued May 21, 2009

Before:  RENDELL, STAPLETON and ALARCÓN*, <u>Circuit</u> <u>Judges</u>

(Filed: June 4, 2009)

_____

    *Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for
the Ninth Circuit, sitting by designation.

Frederick E. Gerson, Esq.   **[ARGUED]**
D'Alessandro, Jacovino & Gerson
147 Columbia Turnpike
P.O. Box 340, Suite 103
Florham Park, NJ 07932
     *Counsel for Appellant*
     *American Millennuim Insurance Co*

John A. Stone, Esq.     **[ARGUED]**
DeCotiis, Fitzpatrick, Cole & Wisler
500 Frank West Burr Boulevard
Glenpointe Centre West, Suite 31
Teaneck, NJ  07666
     *Counsel for Appellees*
     *Ocean Risk Retention Grp Inc and*
     *Pinelands Ins Co*

Zachary L. Grayson     **[ARGUED]**
Israel American Law Group
Mishol Nurit 3, Suite 796
Kfar Vradim
Israel

David P. Skand, Esq.
Gerstein, Grayson & Cohen
Suite 301
1288 Route 73 South
Mount Laurel, NJ  08054
     *Counsel for Appellee*
     *First Keystone Risk Retention Grp Inc*

---

OPINION OF THE COURT

---

RENDELL, Circuit Judge.

Appellant American Millennium Insurance Co. ("AMI") brought an action against

Appellee Risk Retention Groups ("RRGs"), alleging, based on several theories, that the

2

RRGs were competing against AMI unfairly in the New Jersey insurance market by failing to comply with certain state regulatory requirements. The District Court granted Appellees' motion to dismiss AMI's complaint after concluding that a statutory pre-condition to the filing of pleadings by insurers did not apply to the RRGs, that the other New Jersey insurance law provisions relied on by AMI did not provide a private right of action, and that AMI failed to state actionable common law claims. The District Court also denied AMI leave to amend its complaint. AMI challenges each of the District Court's decisions on appeal. For the reasons discussed below, we will affirm.

We write for the benefit of the parties and only briefly summarize the relevant facts. AMI is a traditional insurance company that provides insurance for taxi cabs in New Jersey. Appellees are RRGs organized under the Liability Risk Retention Act of 1986, 15 U.S.C. §§ 3901-3906 ("LRRA"), and provide a collective form of self insurance to their member businesses by spreading risk across their groups. The LRRA protects the existence of RRGs by largely preempting state regulation of such entities. It is undisputed that Appellees are chartered outside of New Jersey, and are offering insurance products to their members in the state. For the purposes of this appeal, we accept as true AMI's allegation that it has suffered a significant loss of taxi cab insurance business since Appellees began doing business in New Jersey.

In its complaint, AMI does not dispute that the regulatory preemption provisions of the LRRA apply to Appellees. However, AMI claims that the LRRA expressly allows

3

states to establish financial responsibility requirements for RRGs, and that Appellees fail to meet requirements that fit within this exception. AMI asserts that the RRGs are therefore issuing insurance in violation of the relevant statutes. AMI further alleges that the RRGs' sale of insurance in the state is actionable under the torts of intentional interference with a prospective economic advantage and unfair competition.

Appellees moved to dismiss the complaint under Rule 12(b)(6). AMI argued then, as it does now, that the RRGs had no standing to file the motion under state law until, pursuant to N.J.S.A. 17:51-2(a), they either posted bond or presented certificates to issue insurance in New Jersey. The District Court concluded that N.J.S.A. 17:51-2(a) did not bar Appellees' motion because the statute was inapplicable to the RRGs. The Court then determined that AMI had no private right of action to enforce the insurance statutes, and that AMI failed to state claims for tortious interference and unfair competition. The Court denied a cross motion by AMI for judgment on the pleadings on the same reasoning, and denied leave for AMI to amend the complaint to purportedly cure the pleading deficiency and add the New Jersey Department of Banking and Insurance ("DOBI") as a necessary party. AMI challenges each of these decisions on appeal.[1]

AMI first argues that the RRGs lacked standing to file their motion to dismiss

[1]This action was brought in state court, but removed by Appellees to the District Court for the District of New Jersey. The District Court had jurisdiction pursuant to 28 U.S.C. § 1441. This Court has jurisdiction to review the grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) pursuant to 28 U.S.C. § 1291, and exercises plenary review. *McGovern v. Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009).

because they failed to comply with special requirements for insurers that are not licenced in the state. The provision at issue provides:

> Before any insurer not authorized to transact business in this State shall file or cause to be filed any pleading or other paper in any action or proceeding instituted against it, such insurer shall either (1) deposit with the clerk of the court in which such action or proceeding is pending cash or securities or file with such clerk a bond . . . or (2) procure a certificate of authority to transact the business of insurance in this State.

N.J.S.A. 17:51-2(a). The District Court determined that this provision was inapplicable to RRGs such as Appellees. We agree. Appellees cannot produce the certificates normally awarded by the DOBI to insurance companies for the sale of insurance in the state because Appellees are out-of-state RRGs, and are not "insurers" within the meaning of this statute. The LRRA protects the existence and availability of RRGs through the preemption of state regulation.

AMI relies on an exception to preemption within the LRRA:

> [N]othing in this chapter shall be construed to preempt the authority of a State to specify acceptable means of demonstrating financial responsibility where the State has required a demonstration of financial responsibility as a condition for obtaining a license or permit to undertake specified activities.

15 U.S.C. § 3905(d). AMI argues that this exception applies to capitalization requirements contained in Title 17, Subtitle 3, Part 1, Chapter 17 of the New Jersey Statutes, which govern the formation of insurance companies in the state. However, New Jersey also enacted the New Jersey Risk Retention Act, 17:47A-1 to 17:47A-12, which establishes a separate regulatory scheme for RRGs. N.J.S.A. 17:47A-3 provides that,

5

"Any person wishing to establish a risk retention group *chartered and licensed* to write only liability insurance *in this State* shall" comply with the formation requirements in Chapter 17.  N.J.S.A. 17:47A-3(a) (emphasis added).  It is undisputed that none of the Appellees are formed, chartered, or licensed in New Jersey.

Moreover, the LRRA § 3905(d) exception relied on by AMI applies where "the State has required a demonstration of financial responsibility *as a condition for obtaining a license or permit* to undertake specified activities."  15 U.S.C. § 3905(d) (emphasis added).  This exception must be read in conjunction with the general preemption provisions of the LRRA, which provide in part:

> [A] risk retention group is exempt from any State law, rule, regulation, or order to the extent that such law, rule, regulation, or order would . . . make unlawful or regulate, directly or indirectly, the operation of a risk retention group except that the jurisdiction *in which it is chartered* may regulate the formation and operation of such a group . . . .

15 U.S.C. § 3902(a) (emphasis added).

Reading the LRRA and the New Jersey statutes together, an RRG falls under New Jersey's capital and licensing requirements only when the RRG seeks to be chartered or licensed in New Jersey.  A contrary interpretation of the New Jersey statutes would most likely violate the LRRA's preemption provisions.  As it is undisputed that Appellees are chartered outside of New Jersey, Appellees cannot be considered insurers subject to licensing or authorization within the meaning of N.J.S.A. 17:51-2(a), and the statute did not bar Appellees from filing their motion to dismiss.

Next, AMI argues that the District Court erred by concluding that AMI had no

6

private right of action under Chapter 17.  We agree with the District Court's determination that the regulatory provisions for insurance companies relied on by Appellants do not provide a competing insurer any cause of action.  Nothing in the statutes expressly provides a right of action, and the District Court correctly applied the implied right of action factors of *Cort v. Ash*, 422 U.S. 66 (1975), which have been adopted by the Supreme Court of New Jersey.  *See R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 773 A.2d 1132, 1143 (N.J. 2001).  In addition to the reasons discussed by the District Court, we note that the regulation of insurance companies in New Jersey involves a comprehensive statutory scheme, and the Commissioner of Insurance is expressly charged with enforcement. N.J.S.A. 17:17-10.  Furthermore, the minimum capitalization requirements governing the financial health of insurance companies may be for the benefit of insureds, or perhaps the public generally, but are certainly not for the benefit of a competing insurer.  Since the insurance statutes do not provide AMI a private right of action, its claims relying on those statutes were correctly dismissed.[2]

Next, AMI contends that the District Court erred in dismissing its common law claims for intentional interference with prospective economic advantage and for unfair

---

[2]Appellant recasts its Chapter 17 arguments by also alleging that, in issuing insurance to taxi operators illegally, Appellees violated provisions of Title 48 of the New Jersey Statutes that require cab operators to carry bona fide insurance.  While it is highly doubtful that any insurer could possibly have a right of action under Title 48, our resolution of Appellant's Chapter 17 argument is dispositive of Appellant's other statutory claims.

competition. As for tortious interference, we agree with the reasoning of the District Court and its conclusion that AMI failed to plead the claim with the requisite specificity. *See Printing Mart-Morristown v. Sharp Electronics Corp.*, 563 A.2d 31, 37 (N.J. 1989). In particular, we note that AMI's complaint fails to identify a single, specific customer that AMI either lost or could have acquired but for Appellees' conduct. Furthermore, AMI makes only a bald assertion that the RRG's conduct was intentional, and does not allege facts that could substantiate the necessary existence of malice. As for unfair competition, we find no case in which a New Jersey court recognized such a claim for the alleged failure of a competitor to meet an obligation to the state, and we decline to expand the doctrine as AMI requests. *See Lexington Nat'l Ins. Corp. v. Ranger Ins. Co.*, 326 F.3d 416, 420 (3d Cir. 2003).

Finally, AMI argues that the District Court abused its discretion by denying it leave to amend its complaint in order to plead tortious interference with greater specificity, and to add the DOBI as a necessary party. However, the proposed amended complaint still failed to identify any specific lost or potential customers, and failed to allege facts that could support a finding of malice. Furthermore, we fail to see how the addition of any party here could salvage AMI's uncognizable claims. A district court does not abuse its discretion in denying leave to amend an inadequate complaint when the proposed amendments would have been futile. *Kanter v. Barella*, 489 F.2d 170, 181 (3d Cir. 2007).

For the reasons stated above, we will AFFIRM the order of the District Court.

8